IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JARVIS L. POSTLEWAITE, # R-25461, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-501-JPG |
| ) | |
| SALVADOR GODINEZ, ) | |
| MARC G. HODGE, ) | |
| and MRS. TREDWAY, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Lawrence Correctional Center ("Lawrence"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, to challenge the conditions of his confinement. The case was mistakenly filed in the Northern District of Illinois on April 9, 2014, and was then transferred to this Court.

**Filing Fee Status**

When Plaintiff submitted his complaint, he did not pay the $400.00 filing fee, nor did he include a motion for leave to proceed *in forma pauperis* ("IFP"). The Clerk of Court notified Plaintiff that he must take one of these actions within 30 days of the date his case was filed (Doc. 6). The Clerk's letter had to be re-sent after it was returned for having the incorrect prisoner number. Plaintiff ultimately sent in his prisoner trust fund account statement (Doc. 9), but to date, he has not filed a motion for leave to proceed IFP.

Plaintiff incurred the obligation to pay the filing fee for this action at the time the case was filed. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Unless he is granted leave to proceed IFP, he must pay the full fee of $400.00.  If he submits a motion for leave to proceed IFP and it is granted, he would be responsible for a filing fee of only $350.00 (a plaintiff with IFP status is exempt from paying the $50.00 administrative fee).  Plaintiff will be given one last chance to submit a motion for leave to proceed IFP.  He must file it no later than 21 days from the date of this order.  If his motion is not timely filed, he shall be assessed the higher amount.

**The Complaint**

Plaintiff states that in November 2013, he was transferred from a maximum security prison to Lawrence, which is classified as a medium security institution (Doc. 1, p. 3).  He was housed in the South side of the prison, which is one of three housing areas.  Both the North and South sides are for general population inmates, however, the North side has access to a dayroom while the South side does not.  Inmates in all areas of the prison are given recreation time in the prison yard and the gym.  Plaintiff claims that the denial of dayroom access for South side residents violates his rights to equal protection and due process, and constitutes an "atypical and significant hardship in relation to the ordinary incidents of prison life" (Doc. 1, p. 4).  He also claims an Eighth Amendment violation for cruel and unusual punishment (Doc. 1, p. 5).  The lack of dayroom access affects "phone calls, showers, etc." (Doc. 1, p. 6).

Plaintiff seeks declaratory and injunctive relief to ensure equal access to the dayroom for all Lawrence inmates.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.  After fully

considering the allegations in Plaintiff's complaint, the Court concludes that this action is subject to summary dismissal.

The essence of Plaintiff's claim is that he has been treated differently from inmates who are housed in another wing of the prison, where they enjoy access to a dayroom that is unavailable to him. There is no indication that Plaintiff's placement in this less-desirable location was anything but random, and it appears that the physical limitations of the prison facility are such that no dayroom exists in Plaintiff's housing area. Despite the lack of a dayroom, Plaintiff is afforded access to recreation time outside of his cell, both in the prison yard and the gym, on the same basis as inmates in other wings.

The Court is unaware of any authority that guarantees all prisoners equal access to facilities such as a prison dayroom. To the contrary, prison officials have discretion to house inmates in any institution of their choice, or in any section of a particular prison, without violating the Constitution. "States may move their charges to any prison in the system." *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) (citing *Montanye v. Haymes*, 427 U.S. 236 (1976)). *See also Meachum v. Fano*, 427 U.S. 215, 224 (1976) (the Constitution does not guarantee placement in a particular prison). Not every prison (or individual housing area) will have the same features or amenities that might be available elsewhere.

The lack of dayroom access, even if it leads to some restrictions on phone or shower privileges, does not rise to the level of a constitutional deprivation, nor does it constitute an atypical or significant hardship. The Constitution does not recognize an inmate's liberty interest in telephone privileges, *see Sandin v. Connor,* 515 U.S. 472 (1995), and regulations limiting telephone use by inmates have been sustained routinely as reasonable. *See, e.g., Arsberry v. Illinois*, 244 F.3d 558, 564 (7th Cir. 2001). Plaintiff does not allege that he has no ability to

maintain contact with family or attorneys because of the lack of a dayroom.  He does not explain how his shower privileges may have been affected, but the Seventh Circuit has found that even restricting an inmate to only one shower each week does not rise to the level of a constitutional deprivation.  *See Davenport v. DeRobertis*, 844 F.2d 1310, 1316-17 (7th Cir. 1988).

For the due process clause to be applicable in this instance, there must be a protected liberty interest that is being infringed upon.  *Meachum*, 427 U.S at 223-24.  However, not every action (such as a housing assignment) that carries with it negative consequences creates a liberty interest for inmates.  *Moody v. Daggett*, 429 U.S. 78, 86-88 (1976).  The Seventh Circuit has stated, relying on *Montanye v. Haymes*, 427 U.S. 236 (1976), that inmates do not possess a liberty or property interest in their prison classifications or assignments.  *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992).  Plaintiff's due process claim therefore fails.

Likewise, he has no equal protection claim for his differential treatment compared to prisoners housed in the North wing of Lawrence.  A "prison administrative decision may give rise to an equal protection claim only if the plaintiff can establish that 'state officials had purposefully and intentionally discriminated against him.'"  *Meriwether v. Faulkner*, 821 F.2d 408, 415 n.7 (7th Cir.), *cert. denied*, 484 U.S. 935 (1987) (citing *Shango v. Jurich,* 681 F.2d 1091, 1104 (7th Cir. 1982)).  Purposeful discrimination "implies more than intent as volition or intent as awareness of consequences.  It implies that a decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group."  *Nabozny v. Podlesny*, 92 F.3d 446, 453-54 (7th Cir. 1996) (quoting *Shango*, 681 F.2d at 1104).  The complaint contains no hint that Defendants intentionally placed Plaintiff in the wing that lacked a dayroom, for the purpose of depriving him of this amenity.

Finally, the inability to use a dayroom does not appear to have impaired Plaintiff's reasonable access to the prison's exercise and recreational areas.  The Eighth Amendment protects prison inmates from serious deprivations of basic human needs such as food, medical care, sanitation, or physical safety.  *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981); s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992).  Courts have recognized that prisoners need adequate exercise in order to maintain basic health.  The Seventh Circuit has noted that a "[l]ack of exercise could rise to a constitutional violation where movement is denied and muscles are allowed to atrophy, and the health of the individual is threatened."  *Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988); *see also Turley v. Rednour*, 729 F.3d 645, 652-53 (7th Cir. 2013) (plaintiff stated Eighth Amendment claim where cumulative effect of repeated lockdowns deprived him of yard privileges, and cell was too small for physical activity); *Delaney v. DeTella*, 256 F.3d 679, 683-84 (7th Cir. 2001); *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985), *cert. denied*, 479 U.S. 817 (1986).

Plaintiff admits that he has regular access to the gym and yard, and does not allege that he has suffered any deprivation or restriction on his ability to engage in regular exercise outside his cell.  Thus, he has failed to state a claim upon which relief may be granted for an Eighth Amendment violation.

**Disposition**

If Plaintiff wishes to seek IFP status, he **SHALL FILE** a motion for leave to proceed IFP within **21 days** of the date of this order (on or before **July 17, 2014**).  The Clerk is **DIRECTED** to mail Plaintiff another blank form motion.  Whether or not Plaintiff files an IFP motion, a separate order shall issue for the deduction of payments from Plaintiff's prisoner trust fund account until the fee is paid in full.  *See* 28 U.S.C. § 1915(b).

For the reasons stated above, this action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.  Defendants **GODINEZ, HODGE,** and **TREDWAY** are **DISMISSED** from this action with prejudice.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e)[1] may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: June 26, 2014**

> *s/J. Phil Gilbert*
> United States District Judge

---

[1] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.  FED. R. CIV. P. 59(e).